

Boston Brussels Chicago Dallas Düsseldorf Frankfurt Houston London Los Angeles Miami
Milan Munich New York Orange County Paris San Francisco Seoul Silicon Valley Washington, DC

Strategic alliance with MWE China Law Offices (Shanghai)

Andrew Kratenstein
Attorney at Law
akratenstein@mwe.com
+1 212 547 5695

December 21, 2018

VIA ECF AND E-MAIL

Hon. Katherine Polk Failla
United States District Judge
United States District Court
 for the Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007

Re:   *Healthcare Distribution Alliance v. Zucker et al.*, 18-cv-06168

Dear Judge Failla:

We are counsel to plaintiff Healthcare Distribution Alliance ("HDA") in the above-referenced action. We write pursuant to Rule 2.A of the Court's Individual Rules of Practice in Civil Cases to request that the Court alter or amend the Clerk's Judgment, Doc. 57, to comply with Rules 58 and 65 of the Federal Rules of Civil Procedure. HDA respectfully requests that the Court enter the proposed Amended Judgment, attached as Exhibit A, before December 31, 2018.

HDA's suit asserts a constitutional challenge to the Opioid Stewardship Act, 2018 N.Y. Sess. Laws 57, S.7507-C, *codified at* N.Y. Pub. Health Law § 3323 *and* N.Y. State Fin. Law § 97-aaaaa (the "OSA"). Under the OSA, licensed opioid manufacturers and distributors must pay a $100 million assessment to the state by January 1, 2019. The OSA allows the state to assess penalties of up to 300% for failing to pay the assessment. *See* N.Y. Pub. Health Law § 3323(10). HDA sought a declaratory judgment and injunction prohibiting Defendants from enforcing the OSA.

On December 19, 2018, this Court held the OSA unconstitutional and granted HDA's motion for summary judgment, which sought "a declaratory judgment that the [OSA] was unconstitutional and (ii) a permanent injunction prohibiting its implementation." Opinion and Order, Doc. 56 at 2, 52. The Court held that "[t]he Dormant Commerce Clause prevents New York from enforcing the OSA," *id.* at 49, and directed the Clerk of Court "to terminate all pending motions, adjourn all remaining dates, and close the case," *id.* at 52. Accordingly, on December 19, 2018, the Clerk of Court entered judgment. Doc. 57 (the "Clerk's Judgment"). The Clerk's Judgment does not expressly reflect the declaratory and injunctive relief the Court's Opinion and Order awarded. This letter concerns the Clerk's Judgment.

The Opinion and Order is clear, and there is no doubt, that the State may not enforce the OSA. HDA's members will not abide by the OSA. Nonetheless, in an abundance of caution, HDA respectfully requests that the Court amend the Clerk's Judgment to ensure it complies with the technical requirements of Rule 58 and Rule 65. A proposed Amended Judgment is attached as Exhibit A.

First, HDA requests that the Clerk's Judgment be modified to express more clearly the declaratory and injunctive relief granted by the Opinion and Order. *See Goldic Elec. Inc. v. Loto Corp. U.S.A.*, 27 F. App'x 71, 74 (2d Cir. 2001) (injunction must be set forth in a separate document under Rule 58); *Cooper v. Town of E. Hampton*, 83 F.3d 31, 34 (2d Cir. 1996) (declaratory relief awarded in an opinion must be expressed in a separate judgment under Rule 58).

Second, the Clerk's Judgment should identify the parties and conduct restrained. *See* Fed. R. Civ. P. 65(d)(1)(B), (C) (order granting injunction must "state its terms specifically" and "describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required"); *Goldic*, 27 F. App'x at 74 (injunction set forth in a separate document under Rule 58 must also comply with Rule 65's specificity requirements).

Third, the Clerk's Judgment should specifically state that it was approved by the Court because it awarded relief not specified in Rule 58(b)(1). *See* Fed. R. Civ. P. 58 (b)(2)(B) ("*the court* must promptly approve the form of the [separate] judgment, which the clerk must promptly enter, when: . . . the court grants other relief *not* described in this subdivision (b)" (emphases added)).[1]

On December 20, 2018, HDA contacted Defendants' counsel to discuss the technical issues with the Clerk's Judgment, which Defendants' counsel acknowledged. Defendants' counsel have been unable thus far to obtain authorization to consent to entry of an Amended Judgment and therefore take no position on the requested relief.

HDA respectfully moves that the Court alter or amend the Clerk's Judgment by December 31, 2018, to reflect more clearly the relief awarded in the Opinion and Order by (1) declaring the OSA unconstitutional and (2) permanently enjoining Defendants from enforcing the OSA. A proposed Amended Judgment is attached as Exhibit A.

---

[1] The "relief described in this subsection (b)" is given when the jury returns a general verdict, the court awards only costs or a sum certain, or the court denies all relief. Fed. R. Civ. P. 58(b)(1).

Respectfully submitted,

By:    <u>*/s/ Andrew B. Kratenstein*</u>
       Andrew B. Kratenstein
       M. Elias Berman
       MCDERMOTT WILL & EMERY LLP
       340 Madison Avenue
       New York, NY 10173
       (212) 547-5400
       Fax: (212) 547-5444
       akratenstein@mwe.com
       eberman@mwe.com

       M. Miller Baker (*pro hac vice*)
       Eric Hageman (*pro hac vice*)
       MCDERMOTT WILL & EMERY LLP
       500 North Capitol Street NW
       Washington, DC 20001
       (202) 756-8000
       Fax: (202) 756-8087
       mbaker@mwe.com
       ehageman@mwe.com

*Counsel for Healthcare Distribution Alliance*

Encl.

Cc (via email): Orders and Judgments Clerk (orders_and_judgments@nysd.uscourts.gov)