UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HEALTHCARE DISTRIBUTION ALLIANCE,<br><br>     Plaintiff,<br><br>     v.<br><br>HOWARD A. ZUCKER, *in his official capacity as Commissioner of Health of New York*; and LETITIA JAMES, *in her official capacity as the Attorney General of New York*,<br><br>     Defendants. | **ORDER**<br><br>18 Civ. 6168 (KPF) |
| ASSOCIATION FOR ACCESSIBLE MEDICINES,<br><br>     Plaintiff,<br><br>     v.<br><br>LETITIA JAMES, *in her official capacity as the Attorney General of New York*; and HOWARD A. ZUCKER, *in his official capacity as Commissioner of Health of New York*,<br><br>     Defendants. | 18 Civ. 8180 (KPF) |
| SPECGX LLC,<br><br>     Plaintiff,<br><br>     v.<br><br>LETITIA JAMES, *in her official capacity as the Attorney General of New York*; and HOWARD A. ZUCKER, *in his official capacity as Commissioner of Health of New York*,<br><br>     Defendants. | 18 Civ. 9830 (KPF) |

KATHERINE POLK FAILLA, District Judge:

New York State's Opioid Stewardship Act (the "OSA" or the "Act"),

effective July 1, 2018, sought to establish a $600 million "stewardship fund" to

treat existing opioid addiction, to prevent future addiction, and to educate New

Yorkers about the dangers of opioid dependence.  *See* N.Y. Pub. Health Law

§ 3323; N.Y. State Fin. Law § 97-aaaaa.  On July 6, 2018, Plaintiff Healthcare Distribution Alliance ("HDA") initiated an action seeking (i) a declaratory judgment that the Act was unconstitutional and (ii) a permanent injunction prohibiting its implementation.  (18 Civ. 6168, Dkt. #1).[1]  Two other plaintiffs, the Association for Accessible Medicines ("AAM") and SpecGx LCC ("SpecGx"), took a more surgical approach, challenging provisions of the OSA that forbid opioid distributors and manufacturers from passing on the costs of the OSA to downstream purchasers (the "pass-through prohibition") as unconstitutional and moving for injunctive relief.  (18 Civ. 8180, Dkt. #1 (AAM); 18 Civ. 9830, Dkt. #1 (SpecGx)).

Defendants moved to dismiss all three cases on jurisdictional and prudential grounds.  (18 Civ. 6168, Dkt. #41-44; 18 Civ. 8180, Dkt. #22-25; 18 Civ. 9830, Dkt. #28-30).  Proceeding from the foundational premise that assessments for OSA's stewardship fund constituted a tax, Defendants argued that the Court was foreclosed from hearing Plaintiffs' challenges pursuant to the Tax Injunction Act (the "TIA") (Dkt. #44 at 4), or, in the alternative, that the Court should abstain from so hearing under principles of comity or *Pullman* abstention (*id.* at 10-15).  As further fallback positions, Defendants asked the Court to find the OSA constitutional, either in its current state or, if need be, after the excision of the pass-through prohibition.  (*Id.* at 18-24).

---

[1]    For ease of reference, unless otherwise noted, all citations to the record correspond to the record in No. 18 Civ. 6168.

On December 19, 2018, this Court issued an Opinion and Order holding that (i) the pass-through prohibition violated the Dormant Commerce Clause of the United States Constitution, and (ii) the pass-through prohibition could not be properly severed from the rest of the OSA.  (Dkt. #56).  Accordingly, the Opinion and Order declared the OSA unconstitutional in its entirety and permanently enjoined Defendants from enforcing its provisions.  (*Id.*).

On January 17, 2019, Defendants filed a notice of appeal in the United States Court of Appeals for the Second Circuit, asking that Court to reinstate the OSA's opioid stewardship payment as well as the statute's other remaining provisions.  (Dkt. #66).  Notably, Defendants did not challenge this Court's invalidation of the pass-through prohibition.  On September 14, 2020, the Second Circuit concluded that the OSA's opioid stewardship payment was a tax within the meaning of the TIA, and that this Court should have dismissed Plaintiffs' challenges to the payment under the TIA for lack of jurisdiction. (Dkt. #67).  The Second Circuit specified that it was reversing this Court's judgments "except insofar as they relate to the pass-through prohibition, which is not before us."  (*Id.* at 2).  Plaintiffs' Petition for Panel Rehearing or Rehearing En Banc was denied (2d Cir. 19-199, Dkt. #138), as was Plaintiffs' subsequent petition for certiorari (2d Cir. 19-199, Dkt. #151).  The Second Circuit issued its mandate on October 8, 2021.  (Dkt. #70).

After consultation with the parties, the Court ORDERS that the portions of its Opinion and Order dated December 19, 2018, finding the OSA's pass-through prohibition constitutionally invalid and enjoining Defendants from

enforcing that provision remain valid, and that the remainder of the Opinion and Order is vacated.

Additionally, the Court ORDERS the parties to submit any application for attorneys' fees and costs pursuant to 42 U.S.C. § 1988 within 60 days of the filing of this Order. Before submitting any such application, the affected parties are directed to meet and confer in good faith to determine whether any request for attorneys' fees and costs can be resolved without further litigation.

For each case, the Clerk of Court is directed to modify the case caption in accordance with the above. Letitia James has been substituted under Federal Rule of Civil Procedure 25(d) for former Defendant Barbara D. Underwood.

As to Case No. 18 Civ. 6168, the Clerk of Court is directed to enter judgment for HDA on Counts 6 and 7 of HDA's Amended Complaint and to dismiss the remainder of the claims without prejudice. (Dkt. #24).

As to Case No. 18 Civ. 8180, the Clerk of Court is directed to enter judgment for AAM on all Counts in AAM's Complaint. (18 Civ. 8180, Dkt. #1).

As to Case No. 18 Civ. 9830, the Clerk of Court is directed to enter judgment for SpecGx on Counts 2 and 3 in SpecGx's Complaint and to dismiss Count 1 without prejudice. (18 Civ. 9830, Dkt. #1).

The Clerk of Court is further directed to terminate all pending motions, adjourn all remaining dates, and close each case.

SO ORDERED.

Dated:      October 20, 2021
            New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge